JiGAUDIN, Judge.
This is a Crosby[1] appeal. Patrick Boyle pled guilty to distribution of cocaine, LSA-40:967(A), reserving his right to appeal the trial judge’s granting of the state’s pretrial motion asking that certain evidence be excluded.
The state’s in limine motion sought to exclude (1) a sample of hair allegedly taken from a state’s witness, Wayne Couvillion, which hair tested positive for presence of illegal drugs, (2) evidence that Couvillion, who was the arresting officer and an eyewitness to the crime, lived with a dissatisfied former employee of the defendant, (3) evi *1072 dence that Couvillion contributed funds to the wedding of a former employee of the defendant, and (4) evidence that the true reason for the charges against Boyle was to facilitate the state’s expropriation of Boyle’s land to become a part of Lafreniere Park.
In granting' the motion, the trial judge found that none of the evidence excluded was admissible for use in attacking Couvillion’s credibility or in preparing a defense of entrapment. We affirm.
^Originally, Boyle was charged with two counts of distribution of a controlled dangerous substance within 1,000 feet of Lafreniere Park, LSA-R.S. 40:981.3. Pursuant to a plea bargain following the granting of the motion in limine, the state amended the bill of information. Boyle pled guilty to one count of distribution of cocaine and the state dismissed the second count. Boyle was sentenced to five years at hard labor but the trial judge recommended a drug treatment program. A fine of $5,000.00 was imposed.
As stated in LSA-C.E. art. 607(D)(1), extrinsic evidence to show a witness’ bias, interest, corruption or defect of capacity is admissible to attack credibility. However, attacking evidence must be relevant to the material at trial.
A trial judge’s rulings on the scope of cross-examination and on relevancy are not disturbed on appeal absent a clear abuse of the considerable discretion a judge is necessarily vested with.
The hair allegedly belonging to Cou-villion was lifted from his shirt or coat by Boyle’s prior attorney while both were in the courtroom on a previous occasion. The attorney did not say that he was sure the hair came from Couvillion’s head; further, the expert medical witness called by the defense at the motion hearing could not say positively the hair was Couvillion’s.
In finding evidence about the hair inadmissible because its origin was uncertain, the trial judge did not rule that Couvillion could not be cross-examined with respect to drug usage.
Evidence about Couvillion’s alleged live-in and evidence about his contribution to a wedding were not found to be probative or admissible by the trial judge. The trial judge scheduled and held a contradictory hearing on the state’s motion but the record does not contain any evidence or |3testimony regarding a live-in if in fact one existed and there is no evidence or testimony in the record indicating that any former employee of the defendant, live-in or otherwise, was dissatisfied. Accordingly, there is nothing in the record indicating an abuse of discretion.
Regarding the expropriation possibility, the record shows that Boyle did own land close to the playground but the trial judge said from the bench:
“The parish, for public purposes, has a right to expropriate property, and they certainly don’t have to resort to criminal activity and to entrap people in order to get a piece of property that they think they may need. I maintain the State’s position at this time.”
Writs were not applied for following the trial judge’s granting of the state’s motion or from any of the trial judge’s other rulings, including his denial of Boyle’s oral motion for further scientific testing of Couvillion’s alleged hair.
Reviewing this record in its entirety , and considering the elements necessary to prove the charge(s) against Boyle, we cannot say the trial judge abused his discretion in granting the state’s motion.
The trial judge did err in advising Boyle that the three-year period for applying for post conviction relief ran from date of sentencing rather than from the date the conviction and sentence became final. We remand for the trial judge to send the defendant appropriate written notice of the correct starting date and to file proof in this record that said notice was sent and received.
AFFIRMED. REMANDED ONLY FOR LSA-C.C. ART. 930.8 NOTICE TO BE SENT.
DALEY, J. dissents.

. State v. Crosby, 338 So.2d 584 (La.1976).